UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADVOCACY CENTER

VERSUS

JAMES M. LEBLANC, SECRETARY
OF THE LOUISIANA DEPARTMENT
OF PUBLIC SAFETY AND CORRECTIONS
AND BURL CAIN, WARDEN OF THE
LOUISIANA STATE PENITENTIARY

CIVIL ACTION

NO. 12-508-BAJ-SCR

## RULING AND ORDER

This matter is before the Court on motions by plaintiff, Advocacy Center, for a temporary restraining order as prayed for in the complaint and for a preliminary injunction (docs. 2 & 3, respectively).[1] The complaint prays for a temporary restraining order "requiring Defendants to immediately provide Plaintiff access to the requested records, as set forth in paragraph 19 of this complaint" (doc. 1, p. 10). Paragraph 19 of the complaint seeks: (1) Any and all documents pertaining to the temperature on Death Row for the months of June through September for the last 3 years; (2) Any and all policies that describe efforts to ameliorate excessive heat on Death Row; (3) Daily population logs listing the name, date of birth, and any identified medical condition of every person housed on Death Row between June 1, 2009, and the present; (4) All requests for medical and mental health services completed by Death Row residents from January 1, 2009 until the present; (5) All

---

[1] Plaintiff has alleged facts to establish standing under federal law (see, doc. 2, pp. 1-2)

administrative grievance forms related to excessive temperature completed by Death Row residents from January 1, 2009 until the present. (*Id.* at ¶ 19).

In support of the motion for a temporary restraining order, plaintiff asserts that it has probable cause to believe that defendants "are subjecting prisoners with disabilities on Death Row to neglect and abuse by failing to take adequate steps to prevent them from being exposed to excessive heat, particularly during the summer months" (doc. 2, p. 2). Plaintiff asserts that its attorneys have a broad right of access under federal law to inmates "for the purpose of investigating allegations of abuse and neglect, monitoring facility conditions and providing protection and advocacy services to specific prisoners" (*id.*). Plaintiff further alleges that defendants have denied such access by refusing to: (1) Allow plaintiff's attorneys to visit Death Row while accompanied by Dr. Susi Vassallo, Clinical Associate Professor of Emergency Medicine, NYU School of Medicine; (2) Allow plaintiff's attorneys to take a hydrometer into the prison; and (3) Respond to requests for relevant documents (*id.*).

"Injunctive relief is an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting, *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1974)). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Specifically, the

2

movant must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Holland Am. Ins. Co.*, 777 F.2d at 997 (quoting, *Canal Auth. v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974)).

Plaintiff alleges that the issue of heat on Death Row was originally brought to its attention upon its receipt of a letter on or about May 17, 2012. According to plaintiff, the letter was sent by an attorney who had contacted defendant, Cain, about the temperature issue in April. Plaintiff first requested the subject documents in a letter to Warden Cain, dated July 31, 2010. Upon receiving no response to the letter, plaintiff's attorney placed a call to the warden's office and was told that Dr. Vasallo would not be allowed to interview inmates and plaintiff would not be allowed to take the hydrometer into the penitentiary.[2] (*Id.* at pp. 4-7).

Plaintiff asserts that, "[w]ithout access to the facility with qualified medical personnel and appropriate equipment, such as a hydrometer, and access to the records requested, no determination can be made regarding whether prisoners on Death Row are being subjected to neglect and abuse by virtue of excessive heat, and therefore, no protection and advocacy assistance can be provided" (*id.* at p. 7). Plaintiff further asserts that time is of the essence because "[t]he summer months are fast winding down and fall is fast approaching" (*id.* at p. 10).

---

[2]The motion does not mention specifically whether the request for documents was discussed at that time.

The Court, having reviewed the record, concludes that plaintiff has failed to carry its burden to establish that there exists a substantial threat that plaintiff will suffer irreparable injury if a temporary restraining order is not granted. Plaintiff's motion concedes that plaintiff has been aware of the issue for about three months and sought the records from defendants for approximately three weeks before the filing of this suit, and plaintiff's only stated concern regarding the need for prompt injunctive relief is that the "[t]he summer months are fast winding down and fall is fast approaching." Moreover, the motion for a temporary restraining order seeks only the production of documents, yet plaintiff concedes that access to records alone is insufficient for it to properly perform its function.[3]

Accordingly, the motion for a temporary restraining order (doc. 2) is **DENIED.**,

**IT IS ORDERED** that a hearing on the motion for a preliminary injunction is hereby scheduled for **Tuesday, August 28, 2012, at 9:30 a.m.** in Courtroom 2 of the Russell B. Long Courthouse in Baton Rouge Louisiana**.**

Baton Rouge, Louisiana, August 20, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] See previous paragraph quoting page 7 of the motion in which plaintiff stated that "[w]ithout access to the facility with qualified medical personnel and appropriate equipment, such as a hydrometer, *and* access to the records requested, no determination can be made regarding whether prisoners on Death Row are being subjected to neglect and abuse by virtue of excessive heat, and therefore, no protection and advocacy assistance can be provided." (Emphasis added).